IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

PHOEBE CALDWELL                                                                                      PLAINTIFF

v.                                            No. 4:10CV02041 JLH

VIC SNYDER, ET AL.                                                                                DEFENDANTS

**ORDER**

On December 23, 2010, Plaintiff filed a six-page handwritten *pro se* Complaint in which she asserts thirteen purported claims against seventy-nine Defendants. (Docket entry #2-1). Along with her Complaint, she filed a Motion to Proceed *In Forma Pauperis* and a Motion to Appoint Counsel. (Docket entries #1 and #3). On December 29, 2010, she filed a Motion to Recuse. (Docket entry #7). The Court must first resolve the pending Motions,[1] before determining if the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]

In her Motion to Recuse, Plaintiff alleges that: (1) she has "unorthodox violations (several) experienced by the assignment of this Judge to the case;" (2) there is "common personal knowledge of the Judge;" and (3) there is "severe inquisition of the assignment of this Judge." The Court concludes that these vague and incomprehensible assertions do not provide a basis for recusal. *See* 28 U.S.C. § 455(a) (federal judge must disqualify in any proceeding in which "his [or her] impartiality might reasonably be questioned."); *Hill v. Carpenter*, 323 Fed. Appx. 167, 170 (3rd Cir.

---

[1]In *Martin-Trigona v. Stewart*, 691 F.2d 856 (8th Cir. 1982), the Eighth Circuit held that a district court should first determine whether a plaintiff is financially eligible to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), and then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(d) (now codified as 28 U.S.C. § 1915(e)(2)(B)).

[2]This section applies to all *in forma pauperis* litigants. *See, e.g.*, *Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002); *Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205-206 (2d Cir. 2002); *Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997).

2009) (conclusory allegations of bias do not support recusal); *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988) ("unsupported, irrational, or tenuous allegations" do not warrant recusal).

Based on the financial information provided by Plaintiff, the Court concludes that she is entitled to proceed *in forma pauperis*. Accordingly, her Motion to Proceed *In Forma Pauperis* is granted.

Finally, the Court must determine if Plaintiff's Complaint is frivolous, malicious, fails to state a claim, or seeks monetary relief from a party immune to suit. *See* 28 U.S.C. § 1915(e)(2)(B). Any of these grounds provide a sufficient basis for a court to dismiss the complaint, before service of process and without leave to amend. *See, e.g., Christiansen v. Clarke*, 147 F.3d 655, 658 (8th Cir. 1998), *cert. denied*, 525 U.S. 1023 (1998); *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). A claim is frivolous if it "describ[es] fantastic or delusional scenarios," its "factual contentions are clearly baseless," or "lacks even an arguable basis in law." *See Neitzke v. Williams*, 490 U.S. 319, 327-29 (1989).

In her Complaint, Plaintiff alleges the following nebulous "claims," arising from vague and fantastic scenarios: (1) a rape crisis center "divulged her personal information;" (2) a rape crisis center was negligent in violating her civil rights; (3) "invasion of privacy since March 2003 to present;" (4) "refusal of legal representation by legal aid (state)"; (5) "refusal of legal representation by private attorneys;" (6) "negligence committed by local attorneys;" (7) "severe harassment from local government agencies;" (8) refusal of local law enforcement to enforce the law despite their knowledge of "severe violations" against Plaintiff; (9) severe harassment from "certain police officers;" (10) robberies and burglaries committed against her; (11) "severe harassment from local businesses and companies" since March of 2003; (12) "severe exploitation committed by media;"

(13) "severe harassment" from her apartment complex; and (14) "severe harassment, attempt of bodily harm, invasion of privacy, food poisoning, and theft" by local businesses. (Docket entry #2-1 at pp. 1-3). After asserting these ill-defined "claims," she names seventy-nine random Defendants, including a number of elected officials, government agencies, churches, and corporations. Plaintiff makes no attempt to describe how any of the named Defendants are tied to any of her purported "claims." Plaintiff also fails to request any relief from the Court.

As a *pro se* litigant, Plaintiff is still obligated to state her claims in a concise and coherent manner, and provide sufficient allegations to identify how each Defendant is linked to one or more of the claims. *See* Fed. R. Civ. P. 8(a) and 20(a)(2). While a court must liberally construe the pleadings of a *pro se* litigant, it is not permitted to create or invent claims from utterly incomprehensible allegations that arise from a series of far-fetched and vaguely described events. *See Giles v. Wal-Mart Dist. Ctr.*, 359 Fed. Appx. 91, 93 (11th Cir. 2009) ("Although *pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.") (internal quotations and citations omitted); *Hyde v. United States*, 85 Fed. Cl. 354, 357 (Fed. Cl. Ct. 2008) ("there is no duty for a court to create any claims that are not spelled out in Plaintiff's [*pro se*] pleading"); *Wilburn v. Kroll Substance Abuse Testing*, No. 1:10CV0174, 2010 WL 2178963 (S.D. Ind. May 27, 2010) ("The court liberally construes the pleadings of *pro se* litigants . . . but in doing so will not invent legal arguments for litigants and is not obliged to accept as true legal conclusions or unsupported conclusions of fact.") (internal quotation omitted).

In this case, no amount of liberal construction can create a viable claim from the jumble of nonsensical and disjointed allegations set forth by Plaintiff in her Complaint. Similarly, there is no discernible basis for the Court to exercise subject-matter jurisdiction over any of the asserted claims. Because Plaintiff's Complaint is frivolous, fails to state a claim, and fails to establish a basis for federal subject-matter jurisdiction, it must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[3]

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion to Recuse (docket entry #7) is DENIED.

2. Plaintiff's Motion to Proceed *In Forma Pauperis* (docket entry #1) is GRANTED.

3. Plaintiff's Complaint (docket entry #2) is DISMISSED, WITH PREJUDICE.

4. Plaintiff's Motion to Appoint Counsel (docket entry #3) is DENIED, AS MOOT.

IT IS SO ORDERED this 21st day of January, 2011.

*J. Leon Holmes*

UNITED STATES DISTRICT JUDGE

---

[3] Accordingly, Plaintiff's Motion to Appoint Counsel is moot.